The judgment of the court was pronounced by
Rost, J.*
The plaintiffs claim a square of ground alleged to be situated in the centre of Annunciation Square, being No. 34 on the original plan of division, of Faubourg Annunciation, made by Barthelemy Lafon, in 1807; this square measuring two hundred and forty six feet on Race and Orange streets, and two hundred and ten feet on the sides fronting squares No. 26 and 42.
The intervenors in right of their mother, claim one undivided fourth of said square.
The defendants filed a general denial, and alleged in a supplemental answer that the' ground claimed is a public place, ultra commercium ; that the founder of the faubourg Annunciation laid off and dedicated the whole space of ground covered, by Place de l’Annonciation, without any exception or reservation of the centre, as a public square for the use and convenience of the public, in the original plan of the faubourg. That the dedication further results from the sales of the surrounding squares and lots in conformity and with reference to said plan. That it has been duly accepted, and that the public has been in undis-, turbed and quiet possession, under said dedication, for upwards of forty years, by which its right thereto has been perfected by prescription. There was judgment in favor of the plaintiffs, and the defendants appealed. This case is not distinguishable from that of Livaudais v. Municipality No. Two, 16 L. R. 509.
The plaintiff in that case claimed the square No. 63 on the same original plan of division of Faubourg-Annunciation. That square was colored and marked on the plan as the other squares, but instead of being divided into lots, the word colisée was written upon it. There was no evidence of the alleged dedication out of the plan, and none in the plan- out of the word colisée. The court was of opinion that places of amusement were private property, and that the desig *9 nation of such places on a plan, could not be construed as a dedication to public use.
The square No. 34 is colored as the other squares in the plan. The spaces left open between squares No. 34 and 26 on the one side, and squares 34 and 42 on the other side, have the color of the streets, and the words Place de L’annonciation are written upon them.
On square No. 34 is depicted the ground plan of a building in the form of a Greek cross, having a cupola in the centre and fotir fronts corresponding to the four sides of the square. This building is marked on the plan Eglise de L’an-> nonciation, and occupies the whole of the square with the exception of the four corners.
It is too clear for argument, that this square did not pass under the dedication of the Place de 1’Annonciation, and that it was designated on the plan for the erection of a church, as square 63 had been for the erection of a coliseum.
As was held in the former case, places of public worship as well as places of public amusement are invariably with us private property, and no dedication to the public can be predicated upon the designation of such places on the plans of division of towns and faubourgs.
It was urged in argument, that a dedication must be presumed from the long silence of the plaintiffs, and from the fact that the square remained unenclosed and was used as a public place from 1807 to 1836, at which time the defendants enclosed it; and that they have been in actual possession of it ever since, in consequence of which possession their title has been perfected by prescription.
The objection to this defence is, that it is inconsistent with the answer, and in' direct violation of the admission of the defendants in the record; that they have no title to the property in dispute, unless the same was dedicated to the public when the suburbs- Lacourse and Annunciation were divided into lots.
If we feel authorized in certain cases to relieve municipal corporations from the bad pleading or ill-advised admissions of their counsel, the necessity for our interference must be apparent. It is not so in this case. The defence suggested is not tenable.
That the square claimed was not enclosed before 1836, proves nothing against the plaintiffs, it being shown that until that time, many squares and lots were unenclosed in that part of the faubourg. The first enclosure was not made by the defendants or under their authority. It was the act of Mr. Southmayd, a private individual, who owns property fronting on that square. In 1842 or 1843 the fence was removed and the present enclosure put up. But it does not appear at whose instance this was done,- or who paid for it. This evidence is too vague and unsatisfactory to prove either dedication or acceptance, nor would we Consider, under any state' of facts, the length of time which elapsed betweeh the erection of the enclosure and the institution of this suit, sufficient to show an abandonment on the part of the plaintiffs of the original dedication of the square to purposes of public worship, and a clear intention on their part to dedicate it to public use. Thej plea of prescription does not require to be noticed.
For the reasons assigned, it is ordered that the judgment in this case be affirmed with costs.

Slidell, J. did not take part in the decision, considering, himselfinterested in the matter.